SCOTT POULTRY COMPANY, CORPORATION, V. E. W. GRAVES, SR. AND WIFE, JEANETTE GRAVES; GRAVES FEED MILL & HATCHERY, INC., A CORPORATION (FORMERLY GRAVES POULTRY FARMS, INC.); FIRST UNION NATIONAL BANK OF NORTH CAROLINA, AND GRAEME M. KEITH, TRUSTEE.

(Filed 22 November, 1967.)

APPEAL by plaintiff from *Clark, S.J.,* October 1966 Civil Session of WAYNE.

The complaint alleged that the purpose of this action is to re-

cover real estate currently in the possession of defendants and to recover for the unauthorized possession and use of real and personal property.

Plaintiff corporation alleged it was the owner of and entitled to the immediate possession of two tracts of land described in the complaint, the same now being in the possession of defendants; that defendants claim an estate, interest in, or lien upon the property adverse to plaintiff by virtue of various purported deeds and a deed of trust recorded in the office of the Register of Deeds of Wayne County. Plaintiff alleged that these claims constitute a cloud upon its title to the property, and that it is entitled to have the purported deeds and deed of trust declared null and void, and plaintiff declared owner of the property.

Plaintiff alleged, as a second cause of action, that defendant E. W. Graves, Sr., has been in possession of the property while an officer of plaintiff corporation, and has failed to account for returns and profits derived from the use of the property; that plaintiff is entitled to recover for the wrongful and unlawful conversion of the property to defendant's own use and benefit.

As a third cause of action, plaintiff alleged it was entitled to recover the value of certain described personal property which defendant E. W. Graves, Sr., possessed while an officer of plaintiff corporation and converted to his own use; that plaintiff was entitled to recover for the use and benefit of the same and for rents and profits derived from the use and sale thereof.

Defendant E. W. Graves, Sr., denied the material allegations of plaintiff's complaint and alleged in substance that plaintiff was not authorized to prosecute this action; that Graves Feed Mill & Hatchery, Inc., was the owner of the first tract of land, comprising 25.55 acres, described in plaintiff's complaint, tracing title back to plaintiff corporation. As to plaintiff's second cause of action, defendant Graves admitted that fee simple title at one time was vested in him, but denied the other allegations. As to plaintiff's third cause of action, defendant Graves admitted that at one time he did own the personal property described therein, but denied the other allegations.

Defendant Graves pleaded as further defenses and as pleas in bar estoppel, laches, seven years adverse possession under color of title (G.S. 1-38), the ten-year statutes of limitations (G.S. 1-47 and 1-56) and *res judicata.*

Defendant First Union National Bank denied plaintiff's title to or interest in the property superior or adverse to the defendants and claimed a lien on one of the tracts of land by virtue of a recorded

deed of trust, taken to secure a loan to Graves Feed Mill & Hatchery, Inc., and E. W. Graves, Sr.

Plaintiff's motion to strike portions of the answer of defendant E. W. Graves, Sr., was denied. Plaintiff entered a reply to both defendants' answers.

A hearing was held before the judge of the Superior Court on the pleas in bar of seven years adverse possession under color of title as provided in G.S. 1-38, estoppel, laches, and *res judicata*. After hearing evidence as to the pleas in bar, the court upon its findings of fact and conclusions of law entered judgment dismissing plaintiff's action.

Plaintiff appealed.

*Turner and Harrison for plaintiff.*
*Dees, Dees, Smith & Powell for defendants.*

PER CURIAM. By authority of *Scott Poultry Company v. Bryan Oil Company*, decided this day, and the cases therein cited, we hold that under the facts of the instant case the court was without authority to enter judgment on the pleas in bar. The judgment entered by the court below is vacated and this cause is remanded for disposition in accord with the opinion in *Scott Poultry Company v. Bryan Oil Company, ante,* 16.

Error and remanded.